IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

    Plaintiff,

vs.                                                     Case No. 1:21-cr-00255 KWR

GABRIEL LEE GARCIA,

    Defendant.

## ORDER DENYING DEFENDANT'S APPEAL OF DETENTION ORDER

THIS MATTER is before the Court on Defendant's Appeal from Detention Order, filed February 12, 2021 **(Doc. 16)**. The Court, having reviewed Parties' pleadings and considered the applicable law, concludes that a hearing is not necessary to resolve the issues presented. *United States v. Oaks*, 793 F. App'x 744, 747 (10th Cir. 2019) (explaining that the court may hold a hearing, but that a hearing is not required); *See* D.N.M. LR-Crim. 47.10 ("Parties will state in their pleadings whether and *why* an evidentiary hearing is needed.") (emphasis added). Having conducted a *de novo* review of the record in this case, pretrial services' report and recommendation, and the parties' pleadings, the Court finds Defendant's Motion is not well taken and, therefore, is **DENIED.**

### BACKGROUND

Defendant was charged with knowingly possession a firearm in violation of 18 U.S.C. §§ 922(g)(1), and 924. An evidentiary detention hearing was held, and Judge Fashing entered an order detaining Defendant pending trial, finding that no condition or combination of conditions will reasonably assure the defendant's appearance or the safety of the community. **Doc. 13 at 2.**

Judge Fashing noted the strong weight of the evidence against Defendant, Defendant's history of alcohol or substance abuse, prior failure to appear in court as ordered, and prior violations of probation, parole, or supervised release. **Doc. 13.** After hearing officer testimony, Judge Fashing also noted that "the evidence presented at the hearing showed that the defendant fled from law enforcement officers in his vehicle purposely backed into one officer's vehicle, led law enforcement on a vehicular chase which cause done car crash and endangered the safety of anyone else who was in the vicinity, and continued to refuse to comply with officers' commands once officers finally were able to stop him." **Doc. 13 at 3.**

The pretrial services report recommended that Defendant be detained, because no condition or combination of conditions would reasonably assure the appearance of the defendant as required and the safety of the community. **Doc. 10.** The pretrial services report noted that defendant poses a risk of nonappearance for the following reasons:

- Offense Charged and/or Defendant's conduct during arrest for instant offense
- Substance Abuse History
- Criminal History Including Record of Failure to Appear
- Criminal Activity while under Supervision
- Lack of Verifiable, Legitimate Employment
- Pretrial, Probation, Parole, or Supervised Release Status and Compliance

- Unstable/unsuitable living situation

- Attempted to flee/evade law enforcement at the time of the instant offense

It also noted that he posed a risk of danger to the community for the following reasons:

- Nature of Instant Offense
- Prior Arrests and Convictions
- Substance Abuse History
- Pretrial, Probation, Parole, or Supervised Release Status and Compliance
- Safety Concerns for the Community

- Violent behavior history

- Criminal activity while under supervision

The pretrial services report also showed a criminal history. Most concerning, it showed a repeated history of either failing to comply with conditions of release or probation, and failure to appear. In his appeal of the detention order Defendant did not rebut the pretrial services report or point out errors.

Defendant requests that he be released to a halfway house, placed on electronic monitoring, home detention, and curfew. He requests alcohol and drug testing and counseling for alcohol or substance abuse.

It has been more than 14 days since the Government filed its response, therefore the Court concludes this matter is fully briefed. D.N.M.LR-Cr. 47.8(a).

## LEGAL STANDARD

I. **Standards for Appeal of Detention Order**.

Defendant appeals Judge Fashing's detention order. "A defendant may be detained pending trial if a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Mobley*, 720 F. App'x 441, 443–44 (10th Cir. 2017), *citing* 18 U.S.C. § 3142(e)(1). "The government bears the burden of proving risk of flight by a preponderance of the evidence and dangerousness to any other person or the community by clear and convincing evidence." *Mobley*, 720 F. App'x at 443-44 (internal citations omitted), *citing United States v. Cisneros,* 328 F.3d 610, 615 (10th Cir. 2003).

Under § 3142(g), the court must consider four factors as part of the evaluation: "(1) the nature and circumstances of the offense charged, including whether the offense ... involves a minor victim"; "(2) the weight of the evidence against the person"; (3) "the history and characteristics of

the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

A district judge may order release or revoke a detention order under § 3145. The Court reviews the detention order *de novo*. *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003). Moreover, the Court may consider the evidence before the magistrate judge and may also consider new evidence presented by the parties. *Id.* at 617.

Defendant requested a hearing but did not explain why one was necessary. *See* D.N.M. LR-Crim. 47.10 ("Parties will state in their pleadings whether and *why* an evidentiary hearing is needed."). As to an appeal of a detention order, "[a] district court conducts a de novo review of [the] detention order, [] but there is no statutory requirement that the court hold a hearing." *United States v. Oaks*, 793 F. App'x 744, 747 (10th Cir. 2019) (citation omitted) *citing United States v. Cisneros*, 328 F.3d 610, 613 (10th Cir. 2003).

## DISCUSSION

Defendant appeals Judge Fashing's detention order under 18 U.S.C. § 3145. The § 3142(g) factors weigh heavily towards finding by a preponderance of the evidence that Defendant is a flight risk and by clear and convincing evidence that he is a danger to the community. Moreover, no proposed condition or combination of conditions can reasonably assure the safety of the community or his appearance.

**I.** **Detention factors under § 3142(g)**.

    **A.** **Nature and Circumstances of Crime Charged.**

Defendant is charged with possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). This is a serious charge involving a firearm with a potential punishment of ten years imprisonment. As Judge Fashing noted, the record reflects that Defendant

fled a law enforcement officer in his vehicle, backed into one officer's vehicle, and led officers on a vehicular chase that resulted in at least one crash. This factor therefore weighs toward finding he is a flight risk and danger to the community.

    **B.**    <u>**Weight of the Evidence**</u>.

For the reasons stated by the Government, the weight of the evidence appears to be strong. An officer spotted Defendant driving without a license plate and attempted to pull him over. Defendant's vehicle stopped and he attempted to enter a business. Defendant refused to comply with the officer's commands to get back into the vehicle. Defendant eventually returned to the SUV. Defendant then backed his vehicle into the officer's marked patrol vehicle. The officer entered his vehicle to avoid getting hit. Defendant fled in his vehicle and crashed into a parked truck. Defendant continued to flee, sped, ran through a red light. Additional officers joined the pursuit and Defendant refused to pull over. Officers observe defendant holding a rifle in his right hand. After a successful PIT maneuver, Defendant fled on foot. Officers located a black bag containing multiple plastic bags, money, and a white powder crystal. They also observed a gun in plain view in the back seat. This factor weighs toward finding Defendant is a flight risk and a danger to the community.

    **D.**    <u>**Defendant's history and characteristics**</u>.

The third factor is "the history and characteristics of the person." § 3142(g)(3). It includes the defendant's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." § 3142(g)(3)(A).

Defendant has a criminal history, including some charges that have been dismissed. However, most concerning is his repeated history of failing to appear or failing to comply with conditions of release or supervision. **Doc. 9.**

The Court must also consider Defendant's "physical and mental health." 18 U.S.C. § 3142(g)(3)(A). Defendant reported no physical or mental issues, but it appears he has struggled with drug addiction. **Doc. 9.**

Defendant's history and characteristics strongly weigh toward finding he is a danger to the community and a flight risk.

### E. Danger to Community.

The Court must also consider "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

> the language referring to the safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community. The Committee intends that the concern about safety be given a broader construction than merely danger of harm involving physical violence....

S.Rep. at 12-13, 1984 U.S. Code Cong. & Adm. News, 3195, *cited in United States v. Bolivar*, No. 20-CR-717 WJ, 2020 WL 1912004, at *3 (D.N.M. Apr. 20, 2020). As explained above and in the background section, Defendant poses, by clear and convincing evidence, a danger to the community if released. Defendant's repeated crimes, violations of conditions of probation or release, and failures to appear all indicate that he is a danger to the community.

### F. Conditions of release will not reasonably assure safety of the community or his appearance as required.

Generally, a defendant must be released pending trial unless a judicial officer finds "that no condition or combination of conditions will reasonably assure the appearance of the person as

6


required and the safety of any other person and the community." *United States v. Begay,* 315 Fed.Appx. 53, 54 (10th Cir. 2009).

Defendant suggests a combination of conditions of release, including release to a halfway house, electronic monitoring ,alcohol and drug testing, and counseling.  Given the nature and circumstances of the charged offense, Defendant's probation and release violations,  and failures to appear, the Court doubts that any condition or combination of conditions of release could reasonably assure the safety of the community or Defendant's appearance.

Therefore, the Court finds by clear and convincing evidence that Defendant is a danger to the community and by a preponderance of the evidence that he is a flight risk, and no combination of conditions of release could reasonably assure his appearance or the safety of the community.

## CONCLUSION

The Court finds Defendant's appeal of his detention order under § 3145 unpersuasive, for the reasons stated above.

Weighing the § 3142(g) factors together, the Court concludes that Defendant is a danger to the community by clear and convincing evidence, and that no conditions of release could reasonably assure the safety the of the community.  Moreover, the Court finds by a preponderance of the evidence that Defendant is a flight risk and no combination of conditions can reasonably assure his appearance.

**IT IS THEREFORE ORDERED** that the Defendant's Appeal of Detention Order **(Doc. 16)** is hereby **DENIED.**



KEA W. RIGGS
UNITED STATES DISTRICT JUDGE